1
2
3
4
5
6
7
8     UNITED STATES DISTRICT COURT
9     CENTRAL DISTRICT OF CALIFORNIA
10

11   IRIS MOORE                          )      Case No.  CV 04-0870-JTL
                                          )
12                      Plaintiff,        )
                                          )      ORDER AWARDING ATTORNEY FEES
13         v.                             )      PURSUANT TO 42 U.S.C. § 406(b)
                                          )
14   MICHAEL J. ASTRUE,                   )
     Commissioner of Social              )
15   Security,                            )
                                          )
16                      Defendant.        )
                                          )
17   _____ )

18                                **BACKGROUND**

19         On February 6, 2004, Iris A. Moore ("plaintiff") filed a Complaint seeking review of the

20   Commissioner's denial of her applications for supplemental security income benefits and

21   Disability Insurance Benefits.  On April 2, 2004, the parties filed a Consent to Proceed Before

22   United States Magistrate Judge Jennifer T. Lum.  Thereafter, on June 15, 2004, defendant filed

23   an Answer to Complaint.  On October 19, 2004, plaintiff filed a Motion for Summary Judgment.

24   On November 10, 2004, defendant filed a Cross-Motion for Summary Judgment and Opposition

25   to plaintiff's Motion for Summary Judgment.

26         On March 31, 2005, the Court filed a Memorandum Opinion and Order and entered

27   Judgment granting plaintiff's Motion for Summary Judgment and denying defendant's Cross-

28   Motion for Summary Judgment.  The Court remanded the case for further administrative

proceedings and instructed the Administrative Law Judge ("ALJ") to reassess plaintiff's testimony before determining whether plaintiff can perform her past relevant work or any other work in the national or local economies.

On May 16, 2005, plaintiff and defendant entered into a stipulation for an award of attorney fees in the amount of $3,700.00 to plaintiff's counsel under the Equal Access to Justice Act ("EAJA"). The Court entered an order awarding fees under the EAJA in the amount of $3,700.00 on May 16, 2005. At the second ALJ hearing, the ALJ determined that plaintiff was entitled to disability benefits. (See Motion, Exh. 4). Thereafter, the Commissioner sent plaintiff a Notice of Award. (See Motion at 3; Exh. 3).

On August 9, 2007, plaintiff filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) requesting a fee based on 22.2 hours of attorney time and 3.3 hours of paralegal time before the district court. (Motion at 3; Exh. 1). On August 20, 2007, defendant filed a response to plaintiff's motion. On December 13, 2007, plaintiff filed a Supplemental Brief stating that the Commissioner granted plaintiff past-due benefits in the amount of $74,589.00 and requesting an award of 25 percent of this amount, or $18,647.25, under Section 406(b). (Supplemental Brief at 2). In addition, plaintiff noted that the Social Security Administration authorized administrative fees in the amount of $7,000.00 to plaintiff's counsel. (Supplemental Brief at 2-3). Thus, plaintiff amended her request for fees and requests an award of $11,647.25 under Section 406(b) ($18,647.25 less $7,000.00 in administrative fees.) (Supplemental Brief at 3).

**DISCUSSION**

Congress authorized payment of a reasonable fee for representation of a successful social security claimant. 46 U.S.C. § 406(b). A "reasonable fee" cannot be in excess of 25 percent of the past-due benefits to which the claimant is entitled by his or her judgement. 46 U.S.C. § 406(b)(1)(A). This fee provision is not intended to displace contingent fee agreements as a means to set fees for representation of social security benefit claimants. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Nor does it imply that all contingent fee agreements that provide for fees up to 25 percent of the past-due benefits awarded are reasonable per se. Id.

Instead, in order to recover fees under Section 406(b), an attorney for a successful claimant must show that the fee sought is within the 25 percent boundary and that the fee sought is reasonable for the services rendered in the course of his or her representation before the district court.  Gisbrecht, 535 U.S. at 807.

Accordingly, even when a contingent fee falls within the 25 percent boundary, the court may reduce the fee if the court finds it unreasonable.  Id.  In order to determine whether a fee is reasonable, courts have considered the attorney's recovery based on the character of the representation and the results the representation achieved.  Id. at 808.  For example, if the attorney is responsible for delay, "a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. at 808.  Similarly, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to avoid a windfall for the attorney.  Id. at 808; see Ellick v. Barnhart, 445 F. Supp 2d 1166, 1173 (C.D. Cal. 2006) ("Counsel spent very little time on the case in comparison to the amount of benefits now owing, and the issues briefed in the summary judgment motion were neither novel nor complex.").  If the contingent fee is found to be unreasonable, the court must adjust the attorney's recovery accordingly.  Gisbrecht, 535 U.S. at 808.

Here, plaintiff is a successful social security claimant and plaintiff's attorney may be awarded a reasonable fee under Section 406(b).  On May 7, 2002, plaintiff entered into a contingent fee agreement with her attorney.  (Motion, Exh. 2).  Under the terms of the contingent fee agreement, plaintiff agreed that her counsel would receive 25 percent of the back-pay awarded upon reversal of any unfavorable ALJ decision for work before the district court.  (See Motion at 28; Motion, Exh. 2).  Thus, the contingent fee agreement provides for a fee that falls within the acceptable range provided by Section 406(b).  In addition, there is no basis to find, and none is alleged, that the contingent fee agreement itself is invalid based on fraud or other grounds.

Upon finding a valid contingent fee agreement between a successful social security claimant and his attorney, the court must determine whether the contingent fee is reasonable

for the services rendered.  <u>Gisbrecht</u>, 535 U.S. at 807.  Here, plaintiff's counsel proposes to collect a net fee of $11,647.25.  Steven G. Rosales, plaintiff's counsel, charged a hourly rate of $152.77 for representation in 2004 and $155.18 for representation in 2005.  (Motion, Exh. 1).  To assess the reasonableness of counsel's fee pursuant to the terms of the contingent fee agreement, the Court has reviewed the record summarizing the time plaintiff's counsel and his paralegal spent working on the case before the district court.  <u>See</u> <u>Gisbrecht</u>, 535 U.S. at 808-09.  (<u>See</u> Motion, Exh. 1).  After considering the reasonableness of the fee request in light of the particular circumstances of this case, including the risks associated with representation of numerous social security claimants on a contingent fee basis, the Court finds that $11,647.25 for 22.2 hours of attorney time and 3.3 hours of paralegal work for representation before the district court is reasonable.

## CONCLUSION

Based upon the foregoing, plaintiff's motion for attorney fees is GRANTED.  Attorney fees under Section 406(b) are awarded in the gross amount of $11,647.25, to be paid out of the sums withheld by the Commissioner from plaintiff's benefits.  Upon payment by the Commissioner of such amount to plaintiff's counsel, plaintiff's counsel shall reimburse plaintiff in the amount of $3,700.00 to offset the attorney fee award that the Commissioner has already paid to counsel under the EAJA.

DATED: January 16, 2008

_____/s/_____
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE